UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
BRYANT HENRY,

                              Plaintiff,

          -against-

COUNTY OF NASSAU, Individually and as a Municipal
Agency for the State of New York; JOHN DOE, Individually
and as Sheriff for the Nassau County Jail; JOHN DOE,
Individually and as Corpal [sic] for Dorm E2C of the Nassau
County Jail on 12/27/10; JOHN DOE, Individually and as
Correction Officer for Dorm E2C of the Nassau County Jail
on 12/27/10; JOHN DOE, Individually, and as Correction
Officer for the Nassau County Supreme Court Holding Pens
on 2/9/11; JOHN DOE, Individually, and as Correction
Officer for the Nassau County Supreme Court Holding Pens
on 2/9/11; JOHN DOE, Individually and as Correction
Officer for the Nassau County Supreme Court Holding Pens
on 2/9/11; JOHN DOE, Individually and as Correction
Officer for the Nassau County Supreme Court Holding Pens
on 2/9/11; JOHN DOE, Individually and as Correction
Officer for the Nassau County Supreme Court Holding Pens
on 2/19/11; JOHN DOE, Individually and as Correction
Officer for the Nassau County Supreme Court Holding Pens
on 2/9/11; JOHN DOE, Individually and as Corpal [sic] for
the Satellite Building Dorm EIF of the Nassau County Jail;
JOHN DOE, Individually and as Correction Officer for the
Satellite Building Dorm EIF of the Nassau County Jail, on
10/2/11; JOHN DOE, Individually and as Commissioner of
the Nassau County Jail; JOHN DOE, Individually and as
Deputy Sheriff of Security for the Nassau County Jail;

                              Defendants.
----------------------------------------------------------------X

**ORDER**
13-CV-7427(SJF)(ARL)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   JAN 2 8 2014   ★

LONG ISLAND OFFICE

FEUERSTEIN, District Judge:

On December 30, 2013, incarcerated *pro se* plaintiff Bryant Henry ("plaintiff") filed a civil rights complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against the County of Nassau and thirteen (13) "John Doe" defendants (collectively, "defendants"), accompanied by an application to proceed *in forma pauperis*.

Since plaintiff's financial status, as set forth in his declaration in support of his application to proceed *in forma pauperis*, qualifies him to commence this action without prepayment of the filing fees, see 28 U.S.C. § 1915(a)(1), the application to proceed *in forma pauperis* is granted.

However, the United States Marshal Service cannot serve the thirteen (13) "John Doe" defendants without more information regarding their identity. Since the Second Circuit has held that district courts must provide incarcerated *pro se* litigants with reasonable assistance in investigating the identity of "John Doe" officers, see Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997) (*per curiam*), the Clerk of the Court shall serve copies of the complaint and this Order upon the Nassau County Attorney, who shall attempt to ascertain the full names and service address(es) of the "John Doe" defendants who were involved in the incident described in the Complaint and provide such information to the Court **within two (2) weeks from the date that this Order is served upon him.** The Nassau County Attorney need not undertake to defend or indemnify the "John Doe" defendants at this juncture, as this Order merely provides a means by which plaintiff may identify and properly serve the "John Doe" defendants as instructed by the Second Circuit in Valentin. Once the information is provided by the Nassau County Attorney, plaintiff's complaint shall be deemed amended to reflect the full names of the "John Doe" defendants, summonses shall be issued and the United States Marshal Service shall serve those defendants.

The Clerk of the Court shall: (1) forward copies of the summonses, the complaint, the Notice of Hearing dated January 28, 2014 and this Order to the United States Marshal Service for service upon defendants without prepayment of fees; and, (2) pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, serve notice of entry of this order upon plaintiff in accordance with Rule 5(b) of the Federal Rules of Civil Procedure.

**SO ORDERED.**                                s/ Sandra J. Feuerstein

                                               Sandra J. Feuerstein
                                               United States District Judge

Dated: January 28 2014
       Central Islip, New York