**FILED
CLERK**

4/22/2016 3:25 pm

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
BRYAN HENRY,

               Plaintiff,

  -against-

COUNTY OF NASSAU, et al.,

               Defendants.
-----------------------------------------------------------X

**ORDER**
13-CV-7427 (SJF)(ARL)

FEUERSTEIN, District Judge:

      Pending before the Court are the letter motions of *pro se* plaintiff Bryan Henry ("plaintiff"), dated March 28, 2016 and April 9, 2016, respectively, (1) seeking, *inter alia*, to re-open discovery to compel defendants to provide proper and complete responses to his discovery demands and to reconsider an order, entered March 10, 2016, extending the deadline for filing dispositive motions in this case to May 9, 2016; and, (2) in essence, objecting to an order of the Honorable Arlene R. Lindsay, United States Magistrate Judge, dated March 30, 2016, denying as moot his motion to compel defendants to respond to his discovery requests.[1]  For the reasons stated herein, plaintiff's objections to Magistrate Judge Lindsay's March 30, 2016 Order are overruled and his motion to re-open discovery and to reconsider the March 10, 2016 Order are denied.

---

[1] Although plaintiff designated his motion as a "Motion to Stay of [sic] Proceedings to Enforce a Judgment" pursuant to Rule 62(b)(2) of the Federal Rules of Civil Procedure, since he is requesting amendment and reconsideration of Magistrate Judge Lindsay's March 30, 2016 Order, I construe his motion to be objections to that Order pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a).

1

I.   Procedural History

On December 30, 2013, plaintiff filed, *inter alia*, a civil rights complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against the County of Nassau ("the County") and thirteen (13) "John Doe" defendants, subsequently identified as Michael J. Sposato, Sheriff for the Nassau County Correctional Center ("NCCC"); Corporal Gulliksen ("Cpl. Gulliksen"), corporal for Dorm E2C of the NCCC on December 27, 2010; Correction Officer Collins ("C.O. Collins"), Shield No. 2265, correction officer for Dorm E2C of the NCCC on December 27, 2010; Corporal Marciano ("Cpl. Marciano"), corporal for the Satellite Building Dorm EIF of the NCCC on October 2, 2011; Correction Officer Grier, Shield No. 2226; Correction Officer McGuinness, Shield No. 121; Sergeant Drake, Shield No. 100; Correction Officer Teves, Shield No. 2460; Correction Officer Ley, Shield No. 2421; Captain Dennis Hesse, s/h/a the Deputy Sheriff of Security for the NCCC; Correction Officer Shearin ("C.O. Shearin"), Shield No. 2997, correction officer for the Satellite Building Dorm EIF of the NCCC; James Ford, Commissioner of the NCCC; Correction Officer Peletier, Shield No. 2513; Sergeant Krueger ("Sgt. Krueger"); Sergeant Tobin ("Sgt. Tobin"); Correction Officer Terry-Clarke ("C.O. Terry-Clarke"); and Correction Officer Camidge ("C.O. Camidge"), Shield No. 2394, all in their individual and official capacities (collectively, "defendants").[2]

---

[2] Although plaintiff designated only thirteen (13) "John Doe" defendants, the County identified the following individuals who may also have been involved in the incidents alleged in the complaint, all of whom were added as additional defendants: (a) C.O. Terry-Clarke, Sgt. Kruegar and Sgt. Tobin, as the individuals who assigned plaintiff to his housing location upon his entry to the NCCC, (Docket Entry ["DE"] 20); and (b) C.O. Camidge as an additional correction officer assigned to the Nassau County Supreme Court Holding Pens on February 9, 2011, (DE 22).

By Order dated May 13, 2015, defendants' motion to dismiss plaintiff's Section 1983 claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure was granted to the extent that plaintiff's Section 1983 claims against Cpl. Gulliksen, C.O. Collins, Cpl. Marciano and C.O. Shearin were dismissed in their entirety with prejudice for failure to state a claim for relief, and plaintiff's Section 1983 claim seeking punitive damages against the County was dismissed in its entirety with prejudice for failure to state a claim for relief, and the motion was otherwise denied.[3] Partial judgment was entered in favor of Cpl. Gulliksen, C.O. Collins, Cpl. Marciano and C.O. Shearin on May 18, 2015.

During a conference before me on July 8, 2015, I, *inter alia*, referred all outstanding discovery to Magistrate Judge Lindsay[4]; directed that all discovery be completed by January 1, 2016 and that any dispositive motions be served and filed by March 9, 2016; and scheduled a pretrial telephone conference before me on May 11, 2016. (DE 45).

On that same date, Magistrate Judge Lindsay entered a scheduling order providing, in relevant part,

> "Each party shall immediately initiate whatever discovery is deemed necessary for this proceeding by serving interrogatories and/or document demands pursuant to Rule 33 and 34 of the Federal Rules of Civil Procedure. As required by Rules 33 and 34 of the Federal Rules of Civil Procedure, any objections to interrogatories or document demands must be made in writing and served and filed within thirty (30) days after the interrogatory or document was received. The proponent of the interrogatory or document demand shall then respond to any such objection in

---

[3] Although discovery was not stayed during the pendency of the motion to dismiss, it does not appear that any of the parties pursued discovery until after the motion to dismiss was decided. No party has provided any explanation for either their delay in seeking discovery or failure to seek a stay of discovery while the motion to dismiss was pending.

[4] By Notice of Hearing dated January 28, 2014, *inter alia*, this matter was referred to Magistrate Judge Lindsay for an initial conference and all pretrial matters. Due to a clerical error, the referral to Magistrate Judge Lindsay was not indicated on the docket sheet.

> writing within fifteen (15) days of receiving the objections. All discovery, inclusive of expert discovery, shall be completed by . . . January 5, 2016."

(DE 43) (emphasis omitted). In addition, the scheduling order, *inter alia*, directed that dispositive motions "be served and filed in accordance with the District Judge's rules on or before March 9, 2016," (*id.*) (emphasis omitted); and indicated that the dates set forth therein "will not be adjourned absent approval from the District Court Judge, who has scheduled a Pretrial Conference for May 11, 2016." (*Id.*)

By letter dated December 16, 2015, more than five (5) months after Magistrate Judge Lindsay issued the scheduling order requiring the parties to serve their interrogatories and/or document demands "immediately," plaintiff (a) indicated, *inter alia*, that he had served a Request for Interrogatories and the Production of Documents upon defendants on December 9, 2015 and that he intended to serve a Request for Admissions upon defendants no later than December 23, 2015; and (b) requested a forty-five (45) day extension of the discovery deadline. (DE 53). Plaintiff did not provide any explanation for his delay in serving his discovery requests upon defendants until twenty-seven (27) days before the discovery deadline.

By Order dated December 28, 2015, plaintiff's application for an extension of the discovery deadline was denied. Thereafter, plaintiff filed a motion, dated January 15, 2015, *i.e.*, ten (10) days after the expiration of the deadline for the completion of all discovery, seeking to compel defendants to respond to his Request for Interrogatories and the Production of Documents. (DE 54).

Notwithstanding the close of discovery, by letter dated February 1, 2016, defendants requested a thirty (30)-day extension of time to respond to plaintiff's discovery demands and motion to compel on the basis, *inter alia*, that they had not received plaintiff's Request for

4

Interrogatories and the Production of Documents until December 11, 2015, less than thirty (30) days prior to the close of discovery, and that "[p]laintiff's discovery request contain[ed] one hundred sixty eight [sic] (168) demands" and was voluminous. (DE 55). By Order dated February 9, 2016, *inter alia*, defendants' application was granted.[5]

By letter dated March 2, 2016, defendants opposed plaintiff's motion to compel on the grounds, *inter alia*, that the number of interrogatories posed by plaintiff were "far in excess of the amount permitted by statute (Fed. R. Civ. Pro. 33(a))[,]" and that, in any event, plaintiff's motion to compel was moot because they had nonetheless served him "with responses to all one hundred sixty eight [sic] (168) demands and additional documentation which is not privileged and responsive to said demands." (DE 57). Plaintiff did not serve or file a response to defendants' objections to his discovery requests, or otherwise object to defendants' discovery responses, within fifteen (15) days of receiving them,[6] as required by Magistrate Judge Lindsay's scheduling order; nor did he seek an extension of time to do so.

On March 9, 2016, defendants requested a sixty (60)-day extension of time "to commence summary judgment" on the grounds, *inter alia*, that their counsel "requires sworn affidavits from Nassau County Sheriff's Department personnel with knowledge of particular and essential facts relevant to [their] motion" since plaintiff did take any depositions of defendants; and that "[d]ue to

---

[5] The February 9, 2016 Order also granted plaintiff's letter application, dated February 1, 2016, requesting that the Court substitute page two (2) of his motion to compel. (DE 56).

[6] Since plaintiff indicates that he received defendants' responses to his Request for Interrogatories and the Production of Documents on March 7, 2016, (*see* DE 66, Ex. A), he should have served and filed his opposition or objections thereto no later than March 22, 2016. Plaintiff did not serve his objections until March 24, 2016, (*see* DE 66, Ex. A), and, pursuant to the prison mailbox rule, *see Houston v. Lack*, 487 U.S. 266, 276, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988), did not file those objections until March 28, 2016. (*See* DE 66).

5

[their] counsel's work schedule[,] coordinating such a meeting has been difficult." (DE 59). By Order dated March 10, 2016, *inter alia*, defendants' application was granted to that extent that "any party may file a fully-briefed motion for summary judgment in accordance with my individual rules on or before May 9, 2016."

By letter motion dated March 28, 2016, and received by the Court on April 4, 2016, plaintiff requested, *inter alia*, (1) that discovery be re-opened "solely in respect the to [sic] demands filed prior to the Discovery deadline - as they are not moot;" and (2) that I reconsider the March 10, 2016 Order granting the parties an extension of time to file dispositive motions and proceed with a final pretrial conference "based on the defendants [sic] mischaracterization of fulfilling their Discovery obligations." (DE 66). Attached to plaintiff's letter motion are his objections to defendants' responses to his discovery demands. (*Id.*)

By Order dated March 30, 2016, i.e., twenty-eight (28) days after defendants served plaintiff with their discovery responses, Magistrate Judge Lindsay denied plaintiff's motion to compel as moot, finding that plaintiff "ha[d] not opposed" defendants' March 2, 2016 letter indicating that they had served him with responses to all discovery requests and requesting that his motion to compel be denied as moot. (DE 62).

By letter dated April 13, 2016, defendants opposed plaintiff's motion to re-open discovery on the grounds, *inter alia*, (1) that to the extent plaintiff's motion seeks to compel responses to his Requests for Admission, the motion "is untimely, commenced on the eve of dispositive motion practice, unduly burdensome, not likely to lead to admissible evidence, and was waived due to Plaintiff's failure to include [his Requests for Admission] . . . in [his] prior motion to compel[;]" (2) that, in any event, that branch of plaintiff's motion is moot because defendants have nonetheless served responses to plaintiff's Requests for Admission; (3) that in addition to

6

responding to all of plaintiff's discovery demands, defendants, more than three and a half ( 3 ½) months ago, "turned over Plaintiff's inmate file prior to the close of discovery consisting of approximately four hundred eight [sic] five (485) pages of documents . . . [;]" and (4) that plaintiff's motion "is nothing more than an attempt to circumvent dispositive motion practice in order for [him] to proceed directly to trial." (DE 67).

By letter motion dated April 9, 2016, and received by the Court on April 18, 2016, plaintiff, in essence, objects to Magistrate Judge Lindsay's March 30, 2016 Order denying his motion to compel defendants to respond to his Request for Interrogatories and the Production of Documents as moot on the basis, *inter alia*, that "it appears to be absent any mention or consideration of [his] March 28th, 2016 Letter-Opposition[.]" (DE 68). According to plaintiff, his March 28, 2016 letter "squarely contradicts" Magistrate Judge Lindsay's conclusion that he did not oppose defendants' request that his motion to compel be denied as moot and "[i]t would be erroneous to move this case forward to dispositive motions, while [he] has clearly demonstrated that the defendants completely ignored their discovery obligations." (DE 68).

II.   Discussion

28 U.S.C. § 636(b)(1)(A) permits a district judge to "designate a magistrate judge to hear and determine any [nondispositive] pretrial matter," not otherwise expressly excluded therein. Any party may serve and file objections to a magistrate judge's order on a nondispositive pretrial matter within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(a). Upon consideration of any timely interposed objections and "reconsider[ation]" of the magistrate judge's order, 28 U.S.C. § 636(b)(1)(A), the district judge must modify or set aside any part of the order that "is clearly erroneous or contrary to law." *Id.*; *see also* Fed. R. Civ. P. 72(a). A party may not

assign as error any defect in a magistrate judge's order to which he has not timely objected. Fed. R. Civ. P. 72(a).

Plaintiff has not demonstrated that any part of Magistrate Judge Lindsay's March 30, 2016 Order denying his motion to compel is clearly erroneous or contrary to law. Since plaintiff's March 28, 2016 letter motion was not received by the Court until April 4, 2016, four (4) days after Magistrate Judge Lindsay issued the Order, she did not err in failing to consider it. Moreover, Magistrate Judge Lindsay did not issue the March 30, 2016 Order until approximately nine (9) days after the expiration of the fifteen (15)-day period set in her scheduling order for opposing an adversary's responses to discovery demands.[7] Thus, it was not error for Magistrate Judge Lindsay to enter the March 30, 2016 Order finding that plaintiff had not opposed defendants' request to deny his motion to compel as moot because they had responded to all of plaintiff's discovery requests, and, accordingly, denying plaintiff's motion to compel, when plaintiff's opposition was not timely served or filed in accordance with her scheduling order. Accordingly, there is no basis upon which to modify or set aside Magistrate Judge Lindsay's March 30, 2016 Order and plaintiff's objections thereto are overruled.

In any event, upon review of plaintiff's discovery requests, defendants' responses thereto, plaintiff's objections to defendants' responses, and all motion papers, I find defendants' responses

---

[7] At the time Magistrate Judge Lindsay issued the March 30, 2016 Order, it could be discerned from the docket that defendants had served their responses to plaintiff's Request for Interrogatories and the Production of Documents on March 2, 2016, but there was no indication of when plaintiff received those responses. Pursuant to Rule 6(d) of the Federal Rules of Civil Procedure, "[w]hen a party may or must act within a specified time after service and service is made [by mailing it to the person's last known address] . . . , 3 days are added after the period would otherwise expire under Rule 6(a)." Accordingly, it was reasonable to believe that plaintiff had until March 21, 2016 to serve and file any opposition to defendants' discovery responses pursuant to the fifteen (15)-day period provided in Magistrate Judge Lindsay's scheduling order.

to plaintiff's discovery demands to be adequate and complete. Accordingly, (1) upon reconsideration of Magistrate Judge Lindsay's March 30, 2016 order, plaintiff's motion to compel is denied; and (2) plaintiff's motion seeking to re-open discovery and to reconsider the March 10, 2016 Order are denied.

III. CONCLUSION

For the reasons set forth herein, plaintiff's objections to Magistrate Judge Lindsay's March 30, 2016 Order, (DE 68), are overruled and plaintiff's motions, (DE 54 and 66), are denied in their entirety. In light of this determination, the telephone conference scheduled to be held before me on April 26, 2016 is canceled. Pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court shall serve notice of entry of this order upon all parties as provided by Rule 5(b) of the Federal Rules of Civil Procedure and record such service on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

                                                   /s/
                                    SANDRA J. FEUERSTEIN
                                    United States District Judge

Dated: April 22, 2016
       Central Islip, New York